**YILAN JIANG, Petitioner**

v.

**ATTORNEY GENERAL OF
the UNITED STATES,
Respondent.**

No. 05–5092.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) Nov. 8, 2007.

Filed Dec. 26, 2007.

Gary J. Yerman, Yerman & Associates, New York, NY, for Petitioner.

Karen E. Torrent, United States Department Of Justice Environmental Enforcement Section, Jeffrey L. Menkin, Lyle D. Jentzer, United States Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SCIRICA, Chief Judge,
AMBRO and JORDAN, Circuit Judges.

## OPINION OF THE COURT

SCIRICA, Chief Judge.

Yilan Jiang, a native and citizen of China, petitions for review of an order of the Board of Immigration Appeals affirming the Immigration Judge's final order of removal. For the reasons set forth below, we will affirm.

## I.

Jiang arrived in the United States on August 12, 2001 without valid travel documentation. INS detained her and she was later released. On August 20, 2001, INS issued a Notice to Appear, charging Jiang with entering the United States without permission, Section 212(a)(7)(A)(i)(I) of the

Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(7)(A)(i)(I), and seeking admission to the United States by fraud or willful misrepresentation of material facts, Section 212(a)(6)(C)(i) of the INA, 8 U.S.C. § 1182(a)(6)(C)(i). Jiang applied for relief in the form of asylum, withholding of removal, voluntary departure and Convention Against Torture protection, on the grounds that she was mistreated and suffered past persecution while in China. She testified she was forced to undergo an abortion for becoming pregnant out of wedlock and suffered further harassment when family planning officials came to her house and removed household items after she refused to pay a fine.

Following several evidentiary hearings, the IJ denied Jiang's applications for asylum, withholding of removal, relief under the CAT and voluntary departure, and ordered her removed. The IJ was not convinced Jiang had been pregnant and forced to have an abortion, pointing to inconsistencies in her testimony and her affidavit. The IJ also found Jiang's failure to submit medical records of her gynecological history, which the IJ had requested, demonstrated Jiang was not credible. Because Jiang provided incredible testimony and showed no remorse for filing a fabricated application for asylum, the IJ also found Jiang knowingly filed a frivolous asylum application after proper notice. Jiang filed a timely appeal to the Board of Immigration Appeals, which affirmed without opinion on October 31, 2005. On November 18, 2005, Jiang filed a petition for review and a Motion for Stay of Removal with this court.

## II.

The BIA had jurisdiction over Jiang's appeal under 8 C.F.R. § 1000.3(b)(3). We have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1). We generally review the decision of the BIA, but where, as here, the BIA summarily affirms the IJ without opinion, we review the IJ's decision directly. 8 C.F.R. § 3.1(e)(4); *Partyka v. Attorney General,* 417 F.3d 408, 411 (3d Cir.2005). We review factual determinations of the IJ, including credibility determinations, for substantial evidence. *He Chun Chen v. Ashcroft,* 376 F.3d 215, 222 (3d Cir.2004). We thus defer to the IJ's credibility determinations unless the findings are not grounded on the record. *Dia v. Ashcroft,* 353 F.3d 228, 249 (3d Cir.2003)

## III.

The Government contends that we lack jurisdiction to consider several of Jiang's claims because Jiang failed to raise them on appeal to the BIA.[1] Statutory exhaustion requirements are jurisdictional. *Xie v. Ashcroft,* 359 F.3d 239, 246 n. 8 (3d Cir.2004). We review questions of our jurisdiction *de novo. Valansi v. Ashcroft,* 278 F.3d 203, 207–08 (3d Cir.2002). An alien must exhaust all administrative remedies available as of right before we may review a final order of removal. 8 U.S.C. § 1252(d)(1). A petitioner "need not do much to alert the Board that [she] is raising an issue," *Joseph v. Attorney General of U.S.,* 465 F.3d 123, 126 (3d Cir.2006), and has exhausted her administrative remedies before the BIA "so long as [she] makes some effort, however insufficient, to place the Board on notice of a straightforward issue being raised on appeal." *Yan Lan Wu v. Ashcroft,* 393 F.3d 418, 422 (3d Cir.2005) (citing *Bhiski v. Ashcroft,* 373 F.3d 363, 367–68 (3d Cir.2004)).

---

1. While raised before the IJ, CAT protection is not at issue in this petition because Jiang does not contend she is eligible for it.

■ The Government contends Jiang failed to exhaust her claim that the IJ erred in finding her application for asylum frivolous. The Government claims, because Jiang did not exhaust this claim, that she is "permanently ineligible" for asylum independent of any review that the IJ lacked substantial evidence to find she was ineligible for asylum. But on appeal to the BIA, Jiang challenged the IJ's refusal to grant asylum, contesting the IJ's credibility determination and the IJ's findings regarding whether Jiang suffered persecution. These claims implicitly challenge the IJ's finding that her asylum application was frivolous and gave the BIA "the opportunity to resolve [the] controversy or correct its own errors before judicial intervention." *Zara v. Ashcroft*, 383 F.3d 927, 931 (9th Cir.2004). If Jiang had prevailed on her claim before the BIA, it would not have been frivolous. Therefore, she sufficiently exhausted this claim.

Second, the Government contends Jiang failed to exhaust her claim that the IJ erroneously speculated about Chinese government practices. Jiang argued in her appeal to the BIA that the IJ erred in finding her incredible. The contention that the IJ engaged in speculation falls within this claim. Jiang's argument provided sufficient notice to the BIA that "there was a claim of error hovering around the Immigration Judge's findings." *Wu v. Ashcroft*, 393 F.3d 418, 422 (3d Cir.2005).

Third, the Government contends Jiang failed to exhaust her claim that the IJ improperly relied on the absence of corroborating evidence concerning Jiang's abortion because the IJ did not follow our three-part inquiry for corroborating evidence. *See Abdulai v. Ashcroft*, 239 F.3d 542, 554 (3d Cir.2001). Jiang did not specifically argue to the BIA that the IJ failed to follow this inquiry. But the BIA considered whether the IJ improperly relied on the absence of this evidence when it affirmed the IJ's adverse credibility determination. Jiang sufficiently put the BIA on notice of the issue. The argument was before the BIA, and Jiang properly exhausted her claims.

## IV.

We address the merits of Jiang's case. Adverse credibility determinations are reviewed for substantial evidence. *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir.2002). Adverse credibility determinations based on speculation or conjecture are reversible. *Id.* To support an adverse credibility finding, discrepancies in an alien's testimony must involve the " 'heart of the asylum claim.' " *Id.* (quoting *Ceballos–Castillo v. INS*, 904 F.2d 519, 520 (9th Cir.1990)).

■ Here, the IJ's adverse credibility determination was based on the record, which revealed multiple inconsistencies in Jiang's testimony. The IJ found Jiang's testimony and affidavit were inconsistent with regard to where she was living at the time of the abortion, the dates of the family planning officials' visits, the involvement of her boyfriend in these visits, the name of the hospital where the abortion was performed, and the name of the doctor who performed the abortion. The IJ found Jiang could not adequately explain these problems, which are not "minor inconsistencies ... that 'reveal nothing about an asylum applicant's fear for [her] safety.' " *Berishaj v. Ashcroft*, 378 F.3d 314, 323 (3d Cir.2004) (quoting *Vilorio–Lopez v. INS*, 852 F.2d 1137, 1142 (9th Cir.1988)). The inconsistencies are relevant to her claim of persecution, as they involve the people, places, and times involved in the alleged abortion and subsequent visits by the family planning officials. The IJ also considered the failure of Jiang to submit attainable hospital records detailing whether she had undergone an

abortion. This failure provided additional support for an adverse credibility determination. Accordingly, the IJ had substantial evidence to make the adverse credibility determination.

Jiang contends the IJ's decision was based on impermissible speculation. Adverse credibility determinations may not be based on speculation or conjecture. *Gao*, 299 F.3d at 276. An IJ must support an adverse credibility finding with "specific[,] cogent reasons." *Id.* Jiang points to the IJ's decision in which the IJ found it "odd" that Jiang's boyfriend was not pursued by the family planning officials for collection of the fine. The IJ explained she had heard another case in which a male asylum applicant, rather than his girlfriend, had been harassed when the girlfriend had undergone an abortion. The IJ also found it "peculiar" that Jiang's boyfriend in China and husband in the United States had similar names. But these comments are not central to the IJ's conclusions. The IJ's ultimate conclusions "logically flow from the facts she considered." *Dia*, 353 F.3d 228, 251 (3d Cir. 2003). The IJ relied on the many inconsistencies in Jiang's testimony and affidavit in reaching her conclusions. Accordingly, the IJ supported her adverse credibility finding with specific, cogent reasons.

Jiang also contends the IJ did not follow our three part test for considering corroborating evidence when the IJ found that Jiang's failure to submit the medical records the IJ requested contributed to her adverse credibility determination. To require corroborating evidence, we demand from the IJ: "(1) an identification of the facts for which it is reasonable to expect corroboration; (2) an inquiry as to whether the applicant has provided information corroborating the relevant facts; and if he or she has not, (3) an analysis of whether the applicant has adequately explained his or her failure to do so." *Abdulai v. Ashcroft*, 239 F.3d 542, 554 (3d Cir.2001) (internal quotation marks omitted).

First, the IJ believed Jiang's gynecological history could reveal whether she had obtained an abortion, and the IJ said Jiang could have obtained the documents at a hospital two blocks from the Immigration Court. Because the IJ found the records were "central to [Jiang's] claim and easily subject to verification," *Abdulai*, 239 F.3d at 543 (quoting *In re S–M–J*, 21 I. & N. Dec. 722, 1997 WL 80984 (B.I.A.1997)), the IJ identified facts for which it was reasonable to require corroboration.

Second, Jiang did not provide the requisite corroboration. Jiang submitted hospital records reflecting appointment dates with no information regarding her gynecological history. The IJ correctly found Jiang did not submit the proper corroborating evidence, especially in light of the ease of obtaining the proper records.

Third, the IJ explained Jiang was represented by counsel, who was aware of the importance of obtaining these documents but failed to obtain them. The IJ said this failure to obtain the documents leads to an adverse credibility determination, implicitly finding Jiang did not adequately explain her failure to obtain the records. Jiang improperly relies on *Dia*, a case in which the IJ expressed a desire for corroborating evidence, discouraged the petitioner from providing it, but then penalized the petitioner for not providing it. *Dia*, 353 F.3d at 254. Unlike in *Dia*, the IJ here specified exactly what documentation she desired and why the documentation was important, and examined the documents submitted and explained why they were inadequate. Therefore, the IJ properly found Jiang's failure to submit corroborating evidence contributed to her adverse credibility finding.

Jiang also contends the IJ erred in finding Jiang's application for asylum frivolous. 8 C.F.R. § 208.20 provides:

[A]n asylum application is frivolous if any of its material elements is deliberately fabricated. Such finding shall only be made if the immigration judge or the Board is satisfied that the applicant, during the course of the proceedings, has had sufficient opportunity to account for any discrepancies or implausible aspects of the claim.

8 C.F.R. § 208.20. An IJ must consider the asylum application as a whole when determining if it was fabricated, and an adverse credibility finding, while relevant, does not necessarily equate to a finding of frivolousness. *Muhanna v. Gonzales*, 399 F.3d 582, 588–89 (3d Cir.2005). Jiang was given a full and fair opportunity to present evidence, *Abdulrahman v. Ashcroft*, 330 F.3d 587, 596 (3d Cir.2003), and the IJ found the application was frivolous by considering the application as a whole. *Compare Muhanna*, 399 F.3d at 588 (reversing an IJ's finding of frivolousness where the IJ halted the proceedings and found the petitioner's application was frivolous without considering all of the petitioner's claims). The IJ warned Jiang of the serious consequences of filing a frivolous application. After considering all the evidence Jiang wished to submit, the IJ found Jiang filed a frivolous asylum application because material elements of her application were deliberately fabricated.

## V.

For the foregoing reasons, we will deny the petition and affirm the BIA's order.